WINDSOR TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of CLINTON ADAMS, Deceased, Plaintiff, v. JENNIE BULLARD WATERBURY, Individually and as Administratrix with the Will Annexed, etc., of CLINTON ADAMS, Deceased, and PERRY ADAMS, Defendants.

(First Department, February 6, 1914.)

WILL—DEVISE OF REAL PROPERTY IN TRUST—TITLE AND RIGHT OF TRUSTEE TO RECEIVE INCOME—ACTION BY SUBSTITUTED TRUSTEE AGAINST ADMINISTRATRIX TO RECOVER ACCRUED INCOME FROM TRUST PROPERTY.

When a testator devises real property to a trustee the legal title and the right to receive the income passes at once to such trustee.

Where a testator by the terms of his will appointed a trust company both executor and trustee, and devised to it all of his residuary estate, including his real estate, upon certain trusts, and the trust company failed to serve, and one person was appointed trustee and another administratrix with the will annexed, the legal title to the real estate vested in the substituted trustee and not in the administratrix.

Hence, such trustee is entitled to recover from the administratrix the rents and profits from the real estate accruing from the time of the testator's death to the date of the sale of such property under the statute.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

Charles E. McMahon, for the plaintiff.

Lyttleton Fox, for the defendant Adams.

Nelson S. Spencer, for the defendant Waterbury.

SCOTT, J.—The controversy submitted relates to a sum of money collected by defendant Waterbury as rents of certain real estate and held by her. The facts agreed to may be summarized as follows:

On February 18, 1903, one Clinton Adams died leaving a last will and testament wherein he named the New York Life Insurance and Trust Company as trustee, executor and guardian of his infant son, Perry Adams, during his minority. The will was duly admitted to probate, but the New York Life Insurance and Trust Company renounced as trustee and executor and as general guardian of the infant. Thereupon the Windsor Trust Company was duly appointed trustee under said will; the defendant Jennie Bullard Waterbury was duly appointed administratrix with the will annexed, and Leila Perry Depew was duly appointed general guardian of the said infant, Perry Adams.

By his will Clinton Adams, after certain specific bequests, gave, devised and bequeathed all the rest, residue and remainder of his estate " to my executor hereinafter named, but upon trust, nevertheless to collect and receive the rents, profits and income thereof and apply them to the following uses: " Then follow directions as to the disposition of the income until the son shall attain the age of twenty-five years, and of the principal when the son shall have attained that age or shall have died before attaining it.

The will also contained a power of sale in the following language: " *Fifth.* I hereby authorize and empower my executor and trustee hereinafter appointed and its successors to sell and convey and to execute and deliver good and sufficient deeds of any and all real estate or interest in real estate of which I shall die seized and to lease and mortgage the same."

As has been said, a trust company was designated in the will to be both executor and trustee.

Among other property the testator was seized at his death of an undivided one-half interest in a certain parcel of real estate in the city of New York, the defendant Jennie Bullard Waterbury being seized of the other undivided one-half interest. Since the death of the said decedent to the date of sale,

hereinafter mentioned, the defendant Jennie Bullard Waterbury, owner in fee of an undivided one-half interest in the above-described real estate, known as No. 327 Bleecker street, and administratrix as aforesaid, has had the entire and exclusive possession, care, management and control of said premises, has leased the same in her own name and has collected the whole of the rents, profits and income therefrom, and has made all necessary disbursements for repairs, taxes and other expenses connected with the care and maintenance of said premises. The one-half share of the net rents, profits and income arising from the undivided one-half interest in said premises belonging to the estate of the aforesaid decedent, Clinton Adams, has been deposited by said defendant in the New York Trust Company to her credit as administratrix, and the amount thereof is still on deposit in said account as an asset of the estate of Clinton Adams, deceased, and on the 9th day of January, 1913, together with accrued interest thereon, was $4,978.17.

Neither before the said defendant Perry Adams reached the age of twenty-one years nor since said time did the plaintiff apply to his support and education or pay over to him any part of the net income derived as aforesaid from the said real estate as provided in said will, although the said defendant Perry Adams on May 14, 1912, made due demand upon the said plaintiff to pay over to said defendant the accumulated net income of said real property.

The defendant Jennie B. Waterbury has never paid over such rents, profits or income or any part thereof to the plaintiff, nor to the defendant Perry Adams, nor to his general guardian, nor paid over the same or any part thereof to them or either of them or to any other person.

The personal estate of said testator having proved insufficient to pay his debts, proceedings were instituted in the Surrogate's Court on February 23, 1906, to sell his real estate for the payment of his debts. The proceedings seem to have progressed

somewhat slowly, but finally on July 23, 1912, the real estate was sold at a price which still left nearly $10,000 of the testator's debts unpaid. The plaintiff claims that upon the foregoing facts it is entitled, as substituted trustee under the last will and testament of Clinton Adams, deceased, to receive from the defendant Jennie Bullard Waterbury, individually or as administratrix as aforesaid, the said amount on deposit, being one-half of all the net rents, profits and income accruing from the aforesaid premises from the time of decedent's death to the date of the sale of said premises, which the defendant Jennie Bullard Waterbury denies, and claims that as administratrix with the will annexed of said decedent she is entitled to retain said sum and apply it to the payment of the decedent's debts.

In our opinion there is no doubt that the plaintiff is entitled to judgment.

By the terms of the will the testator appointed the same trust company both executor and trustee, and to that company devised all of his residuary estate, including his real estate, upon certain trusts. It is clear that, so far as concerns the real estate, the legal title vested at once in the trustee as trustee and not as executor. Consequently, when by reason of the renunciation of the trust company named in the will a division of functions was effected, one person being appointed trustee and another administratrix with the will annexed, the legal title to the real estate vested in the substituted trustee and not in the administratrix. From that time until the real property was sold under the provisions of the Code of Civil Procedure (§ 2749 et seq.), the plaintiff as trustee and the defendant individually held the real property as tenants in common, each being entitled to one-half of the net income which plaintiff might at any time have recovered in an action for money had and received. The defendant as administratrix with the will annexed had no title to the property and no right to retain any portion of its net income or proceeds until it had been sold for

the benefit of creditors, pursuant to statutory provisions.    It needs no citation of authorities and no extended argument to support the proposition that when a testator devises real property to a trustee the legal title and the right to receive the income pass at once to such trustee.    That was the case here.

It was urged by defendant that the power of sale given to the trustee worked an equitable conversion of the realty into personalty.    It is quite obvious that it did not.    By its terms it was purely discretionary, and this fact, coupled with the fact that title to the property was given to the trustee and that power was given to loan and mortgage, as well as sell, negatives any presumption that the testator intended to impose upon his trustee an imperative obligation to sell.    The plaintiff is entitled to judgment as prayed for in the submission, with costs.

INGRAHAM, P. J., LAUGHLIN and CLARKE, JJ., concurred.

Judgment ordered for plaintiff, with costs.    Order to be settled on notice.